UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JOHNSON,<br><br>           Petitioner,<br><br>   v.<br><br>T. CISNEROS, Warden,<br><br>           Respondent. | Case No. 21-cv-08882-YGR (PR)<br><br>**ORDER OF TRANSFER** |

This case was opened when petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus challenging, among other claims, the Board of Parole Hearing's most recent decision on finding him unsuitable for parole and the Board's January 7, 2021 ruling. Dkt. 1. However, it is not clear whether petitioner intends to file a civil rights action or a habeas action. In his petition form, under the "Grounds for Relief" section, aside from petitioner's aforementioned challenge to his sentence, he also complains of alleged constitutional violations by the prison staff at the California Substance Abuse Treatment Center ("CSATF"), where he is currently incarcerated. *Id.* at 5-6.

If this is a habeas case, it may be filed in either the district of confinement or the district of conviction. *See* 28 U.S.C. § 2241(d). The district court where the petition is filed, however, may transfer the petition to the other district in the furtherance of justice. *See id*. Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction. *See Dannenberg v. Ingle*, 831 F. Supp. 767, 767 (N.D. Cal. 1993); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968). But if a habeas petition is directed to the manner in which a sentence is being executed, e.g., if it involves parole or time credit claims, the district of confinement is the preferable forum. *See* Habeas L.R. 2254-3(a); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). Here, because Petitioner challenges the execution of his sentence, the

district of confinement is the proper forum. Petitioner is incarcerated at CSATF in Kings County, which is located in the Eastern District of California. *See* 28 U.S.C. § 84.

If this action is a civil rights case, the proper venue also would also be in the Eastern District, where the putative defendants would be found and where the claims arose. *See* 28 U.S.C. § 1391(b). The Court need not decide whether this action should be treated as a habeas case or a civil rights case, because either way the preferable venue is in the Eastern District.

Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action is TRANSFERRED to the United States District Court for the Eastern District of California. The Clerk of the Court shall transfer the case forthwith.

IT IS SO ORDERED.

Dated: January 21, 2022

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

2